UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES RUHALLAH HARRISON,

    Plaintiff,

v.

MANDEEP SINGH,

    Defendant.

Case No. 21-cv-05431-JST

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: ECF No. 42

Plaintiff, an inmate housed at Correctional Training Facility ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Salinas Valley State Prison ("SVSP") doctor Singh failed to treat his shoulder pain, in violation of the Eighth Amendment. ECF Nos. 14, 17. On February 20, 2024, the Court granted summary judgment in favor of defendant Singh. ECF No. 40. Plaintiff has filed a pleading titled "Requesting to Have And (sic) Hearing (OSC) Showing Cause in (unintelligible) of Merits and Objection to Judgement Rendered from this Court (Hardship) and Request to Summon's Medical Doctor Duc Nguyen at Salinas Valley State Prison." ECF No. 42. Because this pleading challenges the Court's grant of summary judgment, the Court construes this pleading as a motion for reconsideration. For the reasons set forth below, the Court DENIES Plaintiff's request for reconsideration.

**DISCUSSION**

**I.    Background**

In this action, Plaintiff alleged that defendant Singh failed to treat, or provided inadequate medical treatment for, his right shoulder. *See generally* ECF Nos. 14, 17, 29. The Court reviewed Plaintiff's medical records and concluded that, viewing the record in the light most favorable to Plaintiff, the record showed that defendant Singh took reasonable steps to abate the serious risk of

physical harm posed by the pain in Plaintiff's right shoulder. The Court found that the treatment provided by defendant Singh at each appointment was a reasonable response to Plaintiff's condition at that particular time, and that she adjusted the medical treatment as Plaintiff's condition worsened. ECF No. 40 at 14-17.

## II.  Motion for Reconsideration

Plaintiff argues that the Court erred in granting summary judgment in favor of Plaintiff because there was evidence "that Defendant did in fact have knowledge and . . . acted deliberately with medical negligence to Plaintiff's medical care and conditions." ECF No. 42 at 2. Plaintiff points to the following as evidence that defendant Singh was aware that he had a rotator cuff tear and failed to treat it.

- On September 11, 2018, defendant Singh diagnosed Plaintiff with rotator tendinitis in the right shoulder.
- On March 26, 2019, defendant Singh denied Plaintiff's request for an MRI and instead ordered an x-ray.
- On September 9, 2019, defendant Singh reported that Plaintiff's rotator tendinitis had worsened, yet she again denied Plaintiff's request for an MRI.
- Plaintiff's care was transferred to doctor Nguyen because defendant Singh refused to provide treatment for Plaintiff's right shoulder. Dr. Nguyen ordered an MRI which showed that Plaintiff a full thickness rotator cuff tear.
- The reason for the severity of the rotator cuff tear was defendant Singh's failure to provide the necessary medical treatment.

Plaintiff argues that the above evidence proves that defendant Singh was aware of his medical condition and failed to treat it, and that the Court's judgment should therefore be vacated and the case reopened. Plaintiff further alleges that Dr. Nguyen is willing to testify that Dr. Singh was aware of the rotator cuff tear and intentionally neglected to provide appropriate medical care. Finally, Plaintiff argues that, pursuant to 18 U.S.C. § 3626(a) and *Levia-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011), he is entitled to an evidentiary hearing and an order to show cause.

### A.  Standard

Fed. R. Civ. P. 60(b)[1] provides for reconsideration only upon a showing of (1) mistake,

---

[1] Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based on Fed. R. Civ. P. 59(e)

2

surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century-Fox Film Corp v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Mere dissatisfaction with the court's order or belief that the court is wrong in its decision is not adequate grounds for relief. *Id.* "[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000-EMC, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). The party seeking reconsideration bears the burden of establishing appropriate grounds for that relief. *See U.S. v. Witt*, No. 1:15-cv-00418-LJO-SAB, 2015 WL 5117046, at *1 (E.D. Cal. July 31, 2015).

**B.     Analysis**

The Court DENIES Plaintiff's motion for reconsideration because he has not met his burden of showing that the Court was mistaken in its reasoning or any other extraordinary circumstances justifying reconsideration. The record shows that defendant Singh provided Plaintiff with treatment for his right shoulder, albeit not the MRI that Plaintiff believed necessary. At each appointment, defendant Singh ordered treatment for Plaintiff's right shoulder, and modified or escalated the treatment suggested in response to Plaintiff's reported symptoms. Defendant Singh ordered a steroid shot on September 11, 2018; ordered an x-ray on March 26, 2019; ordered physical therapy on July 15, 2019; and referred Plaintiff for an orthopedic surgery evaluation on September 9, 2019. While Plaintiff is correct that defendant Singh was incorrect as to her conclusion that Plaintiff did not have a right rotator cuff tear, there is nothing in the record

---

(motion to alter or amend judgment) or Fed. R. Civ. P. 60(b) (motion for relief from judgment). *See* Fed. R. Civ. P. 59(e), 60(b). However, Fed. R. Civ. P. 59(e) only governs motions filed within twenty-eight days of the judgment. Here, Plaintiff filed this motion for reconsideration six weeks after the judgment was entered, so Fed. R. Civ. P. 59(e) is inapplicable.

1 that supports his claim that defendant Singh knew that he had a rotator cuff tear but deliberately
2 stated otherwise; or that defendant Singh knew that she was prescribing medical treatment that
3 exposed Plaintiff to a serious risk of serious harm. To prevail on an Eighth Amendment deliberate
4 indifference to serious medical needs claim, "it is not enough that the person merely be aware of
5 facts from which the inference could be drawn that a substantial risk of serious harm exists, [] he
6 must also draw that inference." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002),
7 *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)
8 (alterations in original; quotation marks and citation omitted). The denial of MRIs on March 26,
9 2019, and September 26, 2019; and the September 11, 2018 diagnosis of rotator tendinitis do not
10 prove that defendant Singh knew that Plaintiff had a rotator cuff tear or that she deliberately
11 provided medical treatment that would not treat his condition. Plaintiff's claim that Dr. Nguyen
12 can testify to defendant Singh's knowledge of the rotator cuff tear and her inadequate medical
13 treatment is insufficient to meet the burden of demonstrating mistake or extraordinary
14 circumstances. Without a declaration from Dr. Nguyen, the Court cannot determine whether Dr.
15 Ngueyn's testimony would prove what defendant Singh knew during the relevant time period.
16 Moreover, Dr. Nguyen's alleged knowledge regarding defendant Singh's understanding of
17 Plaintiff's medical condition is not newly discovered evidence. Dr. Nguyen's testimony therefore
18 should have been presented when opposing the summary judgment, and cannot be the basis for
19 granting a motion for reconsideration. *Westlands Water Dist.*, 134 F. Supp. 2d at 1131 (motion for
20 reconsideration not vehicle to present evidence which should have been raised before).
21       Finally, Plaintiff is not entitled to an evidentiary hearing or an order to show cause. 18
22 U.S.C. § 3626(a) governs prisoner release orders and injunctive relief with respect to prison
23 condition, and makes no reference to evidentiary hearings or orders to show cause. *Levia-Perez*
24 does not apply here, as it discusses stays of removal in immigration cases.
25 / / /
26 / / /
27 / / /
28 / / /

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration. ECF No. 42. This case remains closed.

This order terminates ECF No. 42.

**IT IS SO ORDERED.**

Dated: January 16, 2025

_____
JON S. TIGAR
United States District Judge